## No. 678
## CORLETT v. PEARSON

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6062. Decided March 11, 1925

448. ELECTIONS—Where fraudulent votes and mistakes are alleged in election of Common Pleas judge, contestant, in order to establish a prima facie case, must show, that with said votes and mistakes cast out he would have been elected.

VICKERY, J.

This cause was commenced originally in the Cuyahoga Appeals by Alva R. Corlett to contest the election of Alvin J. Pearson, judge of the Cuyahoga Common Pleas, by virtue of 5137 GC., which provides that in case of contest of election of the Common Pleas Judge, the Court of Appeals shall have exclusive original jurisdiction.

An appeal was taken from the finding of the canvassing board which returned that in said election Pearson had 105,666 votes and Corlett 105,118 votes. Corlett made a motion to this court for an order upon the Board of Elections to open up the ballot boxes and for a recounting of the ballots as provided by 5090-1 GC., claiming he had made a prima facie case of fraud or mistake, and was entitled to have the ballot boxes opened and the ballots counted by the court. The Court of Appeals held:

1. A prima facie case in this connection means what it means in civil litigation. A party has made a prima facie case when, giving full effect to his testimony as it stands, without any contradiction, he is entitled to a judgment in his favor, not as to whether there was a fraudulent act committed, but whether he would be entitled to a judgment by reason of the fraudulent act or mistake.

2. In order to make a prima facie case here, the evidence introduced must show that not only fraudulent acts or mistakes were made in connection with the casting or counting of the votes, but that enough of these mistakes of fraudulent acts were committed so that they would result in overturning the plurality that Pearson had over Corlett and result in unseating Pearson and inducting Corlett into office.

3. "It was not the intention of the legislature in the enactment of the provision of 5090-

## STATE COURT OF APPEALS, Continued

1 GC., that the ballots should be used as original evidence for the purpose of discovering errors." Dittrick v. Andrews, 7 OA. pp. at pg. 367.

4. It is conceded by counsel for contestant that he has not enough of such alleged fraudulent votes to overcome Pearson's lead and that he will still be several hundred votes shy of the required number to put him into office.

5. The court should not order the ballot box opened unless there is some good to be subserved by it, and the court should not supersede the Board of Elections in controlling the election machinery of the state or county officers. Since the ballot box can furnish no affirmative evidence of mistake or fraud, that is original evidence, the evidence which has been introduced in court in the form of depositions must be depended upon.

6. It would be of no avail to open the ballot box, since Corlett would even then fall short of the required number of votes to take office.

Motion refused and petition dismissed.

Attorneys—Turney & Sipe for Corlett; John A. Cline and Tolles, Hogsett, Ginn & Morely, for Pearson; all of Cleveland.